## ANCHOR CASUALTY COMPANY v. CARRIER ENGINEERING CORPORATION.[1]

May 28, 1937.

No. 31,188.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Stearns & McKasy, Charles J. Staples,* and *James Abell Mills,* for respondent.

HILTON, JUSTICE.

This is an appeal from the order of the district court of Ramsey county sustaining defendant's demurrer to the complaint on the

[1]Reported in 273 N. W. 647.

ground that it fails to state facts sufficient to constitute a cause of action.

The complaint alleges, among other facts, that the defendant sold an air-conditioning system to the Minnesota Mining & Manufacturing Company, hereinafter referred to as the Minnesota company. Part of the contract of sale is set out as follows:

*"The price herein includes cost of Workmen's Compensation and public liability insurance in the sum of 25/50,000.* · If insurance certificates are requested other than those mentioned, they will be furnished as extras at actual cost.

"The material shall be installed under the personal direction of a competent erecting engineer who shall be designated and furnished without extra cost to the buyer to superintend installation for the buyer and who shall employ for the buyer the help needed to make installation; *Carrier Engineering Corporation will furnish the money needed to pay such employees and the liability insurance required for the buyer therefor;* Carrier Engineering Corporation guarantees that the installation when so made will fulfill the written 'guarantees' hereto attached, to produce the results specified." (Italics supplied.)

It is further alleged that one Loberg was a regular employe of the Minnesota company and was furnished by it to the defendant, at the latter's request, to assist with the installation of the system, and that while he was so engaged an accident occurred resulting in injuries to Loberg; that a hearing on his claim was had before the referee of the industrial commission, who awarded him compensation, which was paid by the plaintiff as the regular insurer of the Minnesota company, in the amount of $947.95.

It also must be taken as a fact that Loberg was the employe of the Minnesota company at the time of his injury, for such was the finding of the referee, and his findings are incorporated in and made a part of the complaint herein.

This action was brought to recover from the defendant the amount of compensation paid by the plaintiff to Loberg on the theory that the defendant breached that part of the contract quoted in failing

to provide workmen's compensation insurance to cover Loberg while engaged in the installation of the air-conditioning system and that as a result the Minnesota company had a cause of action against the defendant for such breach of contract, to which the plaintiff had become subrogated by virtue of its contract of insurance with the Minnesota company. Part of this latter contract is attached to the complaint as exhibit A and contains a clause giving plaintiff such right of subrogation.

It is not our purpose to determine what the actual intent of the parties was. If under any reasonable construction of the contract as alleged the plaintiff, upon proper proof, might be entitled to recover, the sustaining of the demurrer was error. We would like to point out that this case is before us on the complaint alone. It is necessary to make this statement because defendant, in its brief, has referred to several matters which may appear at the trial but which are not before us at this time.

The only question is whether the contract can be construed as requiring the defendant to furnish compensation insurance to cover Loberg. No claim is made that the complaint is insufficient for any other reason. It is the claim of the defendant that the contract cannot be construed as requiring it to provide insurance covering the regular employes of the Minnesota company that might be furnished by the latter to assist in the work of installing the air-conditioning system. This was apparently the theory adopted by the trial court in sustaining the demurrer. Plaintiff contends that the contract says nothing about the regular employes of the Minnesota company who might be engaged to assist in the work in question, but does provide that the defendant shall furnish insurance for any and all persons employed by the defendant for that purpose, regardless of whether they were otherwise regularly employed by the Minnesota company or not.

There can be no doubt that the contract contains nothing to prevent the construction which the plaintiff placed on it, and the sustaining of the demurrer was error. It is clear that by the italicized part of the contract quoted the defendant agreed to furnish insurance for persons engaged in the installation of the air-conditioning

plant, and the contract does not in express terms except the regular employes of the Minnesota company who might be so engaged. It is contended, however, that the words "required for the buyer therefor" exclude the regular employes of the Minnesota company, because it already had insurance covering its regular employes such as Loberg, with the plaintiff, and thus did not "require" further insurance for them in assisting in the work in question. Such may or may not have been the intent of the parties. However, if that part of the contract is ambiguous as to whether it was intended to apply to Loberg or not, the construction placed upon it by the plaintiff in the complaint, for purposes of demurrer, must be accepted. As stated in Richards v. Farmers & M. Bank, 7 Cal. App. 387, 395, 94 P. 393, 397:

"We think that where a pleaded instrument is, because of the uncertainty of the language in which it is expressed, susceptible of more than one construction as to its nature or as to the purpose intended by the parties to be attained by it, the construction of the party pleading it should be accepted, if such construction be reasonable, where, as here, the essential facts stated in the complaint are, at least *pro re nata,* admitted to be true."

While the defendant contends that this construction is unreasonable, we do not agree, at least not on the record now before us. It must be remembered that it is not our purpose to express our view as to what the proper construction of the contract is. We hold merely that the contract will permit the construction which the plaintiff contends for if it shall be found that such was the intent of the parties. The order of the trial court sustaining the demurrer must be reversed.

Reversed.